## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MURPHY & COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| CENTRAL BANCOMPANY, INC., | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff Murphy & Company, Inc., by and through its undersigned attorneys, and for its Complaint against Central Bancompany, Inc., states as follows:

### PARTIES

1.      Plaintiff Murphy & Company, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 459 Sovereign Court, St. Louis, Missouri, 63011.

2.      Defendant Central Bancompany, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 238 Madison Street, Jefferson City, Missouri, 65101.  Upon information and belief, Central Bancompany is a bank holding company.   The subsidiaries of Central Bancompany include:  First Kansas Bank and Trust Company; First Central Bank; the First National Bank of Audrain County; City Bank and Trust Company of Moberly; The Third National Bank of Sedalia; Ozark Mountain Bank; Metcalf Bank; First National Bank of Missouri; Jefferson Bank of Missouri; Central Bank of Lake of the Ozarks; ONB Bank and Trust

1463238 03

Company; Empire Bank; The Boone County National Bank of Columbia; First National Bank of St. Louis; and The Central Trust Bank.

3.     Defendant is a resident of the State of Missouri and is doing business in this judicial district by regularly offering services and/or goods to residents of this District constituting the transaction of business in Missouri and having caused injury and economic harm to Plaintiff by infringing Plaintiff's intellectual property, among other things, constituting the commission of tortious acts in this judicial district in Missouri.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this case pursuant 17 U.S.C. § 501, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) in that it includes an action for copyright infringement.  The Court additionally has jurisdiction over this case pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) in that it includes an action for misappropriation and infringement of trade dress.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

### Murphy & Company's Business

6.      Since 1996, Murphy & Company has operated as a consulting and publishing firm that creates marketing and education programs for banks and credit unions to drive usage of their online products and services, including Internet Banking.

7.      Murphy & Company is owned by Paul A. Murphy.  Mr. Murphy is a respected leader in the Internet Banking industry with extensive expertise in online banking techniques, methods, and marketing.  Mr. Murphy is the author of "Banking Online for Dummies" the first book published in the U.S. to explain Internet Banking and Bill Pay to consumers.

8.      Since 1996, Murphy & Company has developed industry-recognized best practices for achieving success in the online banking and related financial services market. Building on this knowledge, Murphy & Company has designed, created and published Online Banking Guides for numerous large, nationally-known bank conglomerates, in addition to smaller regional and local banks and credit unions.

9.      All Murphy & Company Online Banking Guides include a copyright notice.

10.     Murphy & Company has invested extensive resources in developing, designing, marketing and selling its consulting, publication, and design services, including its proprietary Online Banking Guides.

11.     The Online Banking Guides created and published by Murphy & Company are referred to in the banking business and relevant marketplace as "Murphy Guides."

12.     To protect its valuable property rights in its Murphy Guides, Murphy & Company provides rights of use, publication, and distribution of its Murphy Guides, or any variation or

3

derivative thereof, only pursuant to agreements which contain limitations on use and distribution. Murphy & Company imposes these limitations and enforces them so that Murphy & Company can protect its ownership and property rights in the content, overall look, and total image of its Murphy Guides, which is a valuable Murphy & Company resource.

### Central Bancompany's Access to and Copying of Murphy & Company's Intellectual Property

13.    In 2001, Murphy & Company contacted Defendant Central Bancompany in an attempt to sell it marketing and education services related to Internet Banking.

14.    In 2003, after continued sales communications with Murphy & Company over a two year period, Central Bancompany invited Murphy & Company to make a formal sales presentation regarding both Murphy & Company's consulting services and its publishing services related to Internet Banking and Murphy & Company's proprietary Murphy Guides.

15.    Pursuant to that invitation, in the fall of 2003, Paul A. Murphy, on behalf of Murphy & Company, made a PowerPoint presentation to Mr. Jay Coakley, Director of Marketing of Central Bancompany, and several other Central Bancompany employees.

16.    The presentation revealed to Central Bancompany what Murphy & Company, through its experience and expertise, had identified as a successful plan for driving enrollment, activation and usage of on-line banking. Part of that presentation included identification of the specific print, content, layout, image and other details created and displayed in the Murphy Guides as proven user-friendly, effective, and marketable aspects of Murphy & Company's Online Banking Guide that could be customized and published for use by Central Bancompany's various bank subsidiaries.

17.    The PowerPoint presentation also revealed Murphy & Company's marketing strategies for a successful on-line banking guide, including the preferred "look and feel" of the Murphy Guides that has been the keystone of Murphy & Company's success for numerous years.

18.    During the meeting, Murphy & Company also presented Central Bancompany with several samples of its Murphy Guides that had been published for other banks, which included a copyright notice.  The examples illustrated the type of guide that Murphy & Company could prepare and publish for Central Bancompany, based upon Murphy & Company's extensive expertise and experience.

19.    Shortly after the meeting, Central Bancompany confirmed, through its Marketing Specialist Greta Heckman, that it was in the process of reviewing the sample booklets.

20.    Central Bancompany did not hire Murphy & Company for its consultation, design or publication services.

21.    Central Bancompany copied and pirated the creative design, text, layout, overall appearance, total image, marketing strategies and other elements of Murphy & Company's Murphy Guides, as revealed during the 2003 presentation, including numerous instances of exact lifts of text.

22.    Central Bancompany thereafter produced (or caused to be produced) and distributed (or caused to be distributed) a substantially similar online banking guide that appropriated Murphy & Company's creative expression, including exact text, and exhibited the same overall look and total image of the sample Murphy Guides.

23.    Upon information and belief, Central Bancompany printed, or caused to be printed, 118,000 such booklets and has distributed, and continues to distribute, such booklets in branches of each of the following bank subsidiaries:  First Central Bank; The First National Bank

of Audrain County; City Bank and Trust Company of Moberly; The Third National Bank of

Sedalia; Ozark Mountain Bank; Metcalf Bank; First National Bank of Missouri; Jefferson Bank

of Missouri; Central Bank of Lake of the Ozarks; ONB Bank and Trust Company; Empire Bank;

The Boone County National Bank of Columbia; First National Bank of St. Louis; and The

Central Trust Bank.

<u>COUNT I</u>

**Copyright Infringement in Violation of 17 U.S.C. § 101, *et seq.***

24.      Plaintiff realleges paragraphs 1-23 above, inclusive, which are incorporated by

reference, as if fully set forth herein.

25.      Murphy & Company's Murphy Guides are a proper subject matter for copyright

under the laws of the United States.

26.      At all relevant times, Plaintiff complied in all respects with the Copyright Act,

17 U.S.C. § 101, *et seq*. and secured the exclusive rights and privileges in and to the copyrighted

Murphy Guides.

27.      The Murphy Guides are original works of authorship, copyrightable under the

Copyright Act, and have been registered in full compliance with the Copyright Act.

28.      All copies of the Murphy Guides have been made by Murphy & Company in

strict conformity with the provisions of the Copyright Act and all other applicable laws

governing copyrights.

29.      Murphy & Company has registered its copyright in its Murphy Guides with the

United States Copyright Office and has obtained Registration Nos. TX 837-561 and TX 837-562.

Additional applications for registration of Murphy & Company's various Murphy Guides remain

pending before the United States Copyright Office.   Murphy & Company owns all of these

copyrights, and other copyright registrations.  True and correct copies of the referenced registrations re attached as composite Exhibit A to this Complaint.

30.  Central Bancompany had access to Murphy & Company's copyrighted materials and there is substantial similarity between Central Bancompany's infringing materials and Murphy & Company's copyrighted materials.

31.  Central Bancompany's acts as set forth above constitute infringement of Murphy & Company's copyrights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

32.  Central Bancompany's copyright infringement has caused and will continue to cause Murphy & Company to suffer substantial injuries, including loss and damage to its proprietary and exclusive rights to, and copyrights in, the Murphy Guides.

33.  Plaintiff has further been severely injured in its business and property, including damage to Murphy & Company's business, opportunities, and good will.

34.  Central Bancompany's conduct has additionally caused lost revenue and a loss of profits in amounts not yet fully ascertained.

35.  The injury is and continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

36.  Plaintiff lacks an adequate remedy at law.

WHEREFORE, on its claim of copyright infringement, Plaintiff Murphy & Company respectfully demands judgment in its favor and against Defendant and prays:

A.   That Defendant, its officers, agents, employees, assigns, and all those in concert and privity with it be temporarily, preliminarily, and permanently enjoined pursuant to the Copyright Act, 17 U.S.C. § 102, and other applicable law from producing or distributing any online banking guide that uses, incorporates or otherwise infringes Murphy & Company's copyrights, including publication or distribution of any derivative work related thereto;

B.      That any and all of Central Bancompany's existing online banking guides and those produced at the direction of Central Bancompany be immediately impounded by the Court pursuant to 17 U.S.C. § 503(a);

C.      That Plaintiff be awarded damages pursuant to 17 U.S.C. § 504 for Defendant's infringement of copyright;

D.      That Plaintiff be awarded prejudgment interest for Defendant's infringement of copyright;

E.      That the cost of this action, including attorneys' fees, be assessed against Defendant as permitted by 17 U.S.C. § 505 and other applicable law;

F.      That Plaintiff be awarded such other and further relief as the Court may deem appropriate.

## COUNT II

### Misappropriation and Infringement of Trade Dress
### in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)

37.     Plaintiff realleges paragraphs 1-36 above, inclusive, which are incorporated by reference, as if fully set forth herein.

38.     The overall look and total image of the Murphy Guides is inherently distinctive in that the Murphy Guides are comprised of arbitrary and fanciful design elements, among other things, that were selected and designed by Murphy & Company to drive a bank's online banking activity.

39.     Additionally, the Murphy Guides have acquired secondary meaning in the marketplace because the overall look and total image of the Murphy Guides serve to identify Murphy & Company as the source.

40.     The overall look and total image of the Murphy Guides is nonfunctional in that, among other things, protection of the overall look and total image of the Murphy Guides would

not hinder competition or impinge upon the rights of others to compete effectively in the marketplace.

41.     The banking industry has come to recognize the overall look and total image of the Murphy Guides as associated with Murphy & Company.

42.     Without authorization by Plaintiff, Central Bancompany published, distributed, and used, and is continuing to publish, distribute, and/or use in interstate commerce online banking guides that have a striking resemblance or are identical in overall appearance and total image to the Murphy Guides, and as such, are a misappropriation, imitation and infringement of Plaintiff's trade dress.

43.     Central Bancompany's use of a nearly identical product look and/or packaging has created and will continue to create a likelihood of confusion as to the origin or source of the online banking guide.

44.     Plaintiff has no control over the nature and quality of the products or packaging used, published and/or distributed Central Bancompany. Any failure, neglect or default by Central Bancompany in providing such will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation in the industry, resulting in a loss of sales thereof and the considerable expenditures to promote its products under the trade dress, all to the irreparable harm of Plaintiff.

45.     Central Bancompany's acts constitute misappropriation and infringement of trade dress in violation of the Lanham Act.

46.     The acts of Central Bancompany have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

9

47.    The misappropriation and infringement of trade dress by Central Bancompany is intentional and willful.

48.    Plaintiff has been severely injured in its business and property.

49.    The injury is and continues to be immediate and irreparable.   An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

50.    Plaintiff lacks an adequate remedy at law.

WHEREFORE, on its claim of misappropriation and infringement of trade dress, Plaintiff Murphy & Company respectfully demands judgment in its favor and against Defendant and prays:

A.    That Defendant, its officers, agents, employees, assigns, and all those in concert and privity with it be temporarily, preliminarily, and permanently enjoined from using Murphy & Company's trade dress in its product look and/or packaging, or any variations thereof confusingly similar to Plaintiff's trade dress;

B.    That Plaintiff be awarded damages for Defendant's misappropriation and infringement of Plaintiff's trade dress to compensate Plaintiff for loss of sales, loss of profits, loss of goodwill, and damage to its goodwill and reputation as a result of Defendant's acts;

C.    That Plaintiff be awarded treble damages as permitted by 15 U.S.C. § 1117(b);

D.    That Plaintiff be awarded its attorneys' fees as permitted by 15 U.S.C. § 1117(a) and other applicable law;

E.    That the cost of this action be assessed against Defendant as permitted by 15 U.S.C. § 1117(a) and other applicable law;

F.    That Plaintiff be awarded such other and further relief as the Court may deem appropriate along with prejudgment interest.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable in this action.

Dated:  June 3, 2008                    Respectfully submitted,

                                        **LEWIS, RICE & FINGERSH, L.C.**

                                        By:_____
                                              Frank B. Janoski, #3480

                                        By:_____
                                              Bridget Hoy, #109375

                                        500 North Broadway, Suite 2000
                                        St. Louis, Missouri  63102
                                        Telephone:  (314) 444-7600
                                        Facsimile:  (314) 241-6056
                                        E-mail:  fjanoski@lewisrice.com
                                                   bhoy@lewisrice.com

                                        *Attorneys for Plaintiff Murphy & Company*

11